

U.S. Department of Justice

United States Attorney
Eastern District of New York

CMM
F. #2015R01489

610 Federal Plaza
Central Islip, New York 11722

September 8, 2015

TO BE FILED UNDER SEAL AND EX PARTE

BY HAND DELIVERY

The Honorable Denis R. Hurley
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

The Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Order
The application is:
 ✓  granted  Clerk of Court shall Reassign
 ___ denied  this case as related to 15cr429
 ___ referred to Magistrate Judge _____ for
     ___ decision
     ___ report and recommendation

s/ Sandra J. Feuerstein
9/9/2015

Re: United States v. Harendra Singh
    Docket No. 15-CR-450 (DRH)

Dear Judge Hurley and Judge Feuerstein:

     Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case ("Singh") is presumptively related to United States v. Frederick Mei, Docket No. 15 CR 429 (SJF) ("Mei").

     Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case." Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

     This letter constitutes the notice directed by Local Rule 50.3.2(c)(1). This case is presumptively related to Mei because the facts of Singh arise out of the same criminal scheme as one charged in Mei. Specifically, the Count of the Information with which Mei

was charged alleges an honest services fraud conspiracy that is the same conspiracy charged in Count Three of the Indictment in Singh. As the case is thus presumptively related, the government respectfully submits that reassignment of Singh would be appropriate, as it would likely result in a significant savings of judicial resources and serve the interests of justice.

As both the indictment in Singh and the arrest warrant that was issued in connection with it are currently under seal and the defendant has not yet been arrested, the government respectfully submits this letter ex parte and under seal. See United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995) (need to protect integrity of ongoing investigation, including the safety of witnesses and law enforcement personnel, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing). The government will move to unseal this letter at the time of Singh's arraignment.

Respectfully submitted,

KELLY T. CURRIE
Acting United States Attorney

By: /s/
Catherine M. Mirabile
Raymond A. Tierney
Lara Treinis Gatz
Assistant U.S. Attorneys