JJD:CMM
F. #2015R01489

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 17 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

HARENDRA SINGH,
    also known as "H. Singh,"

                Defendant.

- - - - - - - - - - - X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. <u>15-450 (S-1) (SJF)</u>
(T. 18, U.S.C., §§ 371, 666(a)(2),
981(a)(1)(c), 982(a)(2)(A), 1343, 1346,
1349, 2 and 3551; T. 21, U.S.C., § 853(p);
T. 26, U.S.C., § 7212(a); T. 28, U.S.C.,
§ 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Superseding Information, unless otherwise indicated:

<u>Nassau County and the Town of Oyster Bay</u>

1.     Nassau County was a county in the State of New York. Nassau County had approximately 1.3 million residents and was comprised of two cities, three towns, 64 villages, and more than 60 hamlets. Nassau County awarded contracts to provide services to the public. In or about and between 2010 and the present, Nassau County received in excess of $10,000 each calendar year under federal programs involving grants and other forms of federal assistance.

2. One of the three towns in Nassau County was the Town of Oyster Bay (the "TOB" or "Town"). The TOB was comprised of 18 villages and 18 hamlets, all of which were located in Nassau County. The TOB awarded contracts to provide services to the public. In or about and between 2010 and the present, the TOB received in excess of $10,000 each calendar year under federal programs involving grants and other forms of federal assistance.

### The City of New York

3. The City of New York (the "City") was a city in the State of New York. The City of New York had approximately 8.5 million residents and was comprised of five boroughs (Brooklyn, Queens, Staten Island, Manhattan and the Bronx), each of which was a separate county in the State of New York. In or about and between 2010 and the present, the City of New York received in excess of $10,000 each calendar year under federal programs involving grants and other forms of federal assistance

### The Defendant and His Business Entities

4. The defendant HARENDRA SINGH, also known as "H. Singh," was a resident of Syosset, New York.

5. SINGH, a local businessman and restaurateur, owned and operated approximately thirty businesses (collectively, the "SINGH Entities"), located primarily in Nassau County. The majority of the SINGH Entities, which operated restaurants and food concessions, were jointly owned by SINGH and his wife. One of the SINGH Entities was a restaurant located on the main ground floor of a commercial building ("SINGH Entity #1")

3

located at 150 Hicksville Road, Bethpage, New York ("150 Hicksville Road"). SINGH largely operated the SINGH Entities from basement offices located at 150 Hicksville Road. Another of the SINGH Entities was a restaurant located in Queens, New York ("SINGH Entity #2").

6. Some of the SINGH Entities were awarded contracts by Nassau County and the TOB, including, but not limited to, contracts to provide food services to certain Nassau County agencies and concession agreements to operate various food concessions within the TOB.

### The Bribery and Fraud Schemes

I. The Payment of Bribes by SINGH in Exchange for Official Action By Nassau County and TOB Public Officials

7. In or about and between January 2010 and February 2015, SINGH, together with others, engaged in a scheme to pay bribes and kickbacks to officials of Nassau County and the TOB in exchange for those officials performing official actions, on an as-needed basis, as opportunities arose, in connection with SINGH's businesses in Nassau County and the TOB, including, but not limited to: (a) the TOB's guarantee of certain loans that SINGH Entities received from a bank, the identity of which is known to the United States Attorney (the "Bank"), and a private financing company, the identity of which is known to the United States Attorney (the "Lender"), in connection with SINGH's status as a TOB concessionaire (the "TOB Loan Scheme"); and (b) Nassau County's award of certain contracts to SINGH Entities (the "Nassau County Contracts Scheme").

8. With respect to the TOB Loan Scheme, SINGH, through a SINGH Entity ("SINGH Entity #3"), had a concession agreement with the TOB to operate a restaurant and catering facility on property owned by the TOB. In addition, SINGH, through another SINGH Entity ("SINGH Entity #4"), had a concession agreement with the TOB to operate the concession stands at one of the TOB's municipal beaches.

9. Beginning in or about January 2010 through in or about December 2013, SINGH sought a series of loans totaling over $20 million from the Bank and the Lender for financing related to capital improvements for SINGH Entity #3, SINGH Entity #4, and concessions at two additional TOB municipal beaches. In order for the SINGH Entities to obtain these loans, the TOB indirectly guaranteed the loans through amendments to the TOB's concession agreements with SINGH Entity #3 and SINGH Entity #4. As a result of the loan guarantees, the TOB agreed to repay the Bank or the Lender the entire amount of the loans if SINGH or the SINGH Entities defaulted on the loans.

10. In addition, beginning in approximately late 2011 through December 2012, SINGH, through certain SINGH Entities, was awarded lucrative contracts by Nassau County, including but not limited to certain contracts worth hundreds of thousands of dollars to provide food services to Nassau County agencies (the "Nassau County Contracts").

11. In exchange for all of the above benefits they provided to SINGH and the SINGH Entities, officials of Nassau County and the TOB received from SINGH, among other things, various hotel and travel expenses, limousine services, meals, cash and other

gifts, including, but not limited to, a massage chair, a watch, and hardwood flooring and installation. In addition, SINGH paid the spouse of Official #1, a Nassau County official whose identity is known to the United States Attorney, over $450,000 for performing little or no work in connection with a job with SINGH Entity #2.

12. In furtherance of his negotiations for the Bank and Lender loans and potential additional financing for other SINGH Entities that held TOB concessions, as well as in furtherance of his negotiations for the Nassau County Contracts, SINGH and others transmitted or caused to be transmitted interstate email communications from the Eastern District of New York.

II. The Payment of Bribes by SINGH in Exchange For Official Action by New York City Officials

13. SINGH, through SINGH Entity #2, had a lease with the City that was administered through a City agency (the "Agency"). From in or about 2010 through in or about September 2015, SINGH was actively pursuing a lease renewal with the City for SINGH Entity #2. As of at least 2014, the Agency, on the City's behalf, had determined that SINGH and SINGH Entity #2 owed the City several million dollars in back rent and other fees due under the existing lease, funds that the Agency informed SINGH would have to be paid in advance of any lease renewal.

14. Beginning in approximately 2010, SINGH gave and raised at least tens of thousands of dollars in monetary campaign contributions and in-kind campaign contributions to benefit Official #2, a City official whose identity is known to the United States Attorney, in exchange for efforts by Official #2 and other City officials to obtain and

attempt to obtain official action from the Agency for the benefit of SINGH and SINGH Entity #2; specifically, SINGH sought a renewal of SINGH Entity #2's lease with the City on terms favorable to SINGH (the "SINGH Entity #2 Scheme").

### III. Under-Reporting of Gross Sales and Payroll to Federal Tax Authorities

15. SINGH engaged in schemes to fraudulently under-report to federal tax authorities the true amount of money the SINGH Entities earned and the wages he paid his workers, thereby dramatically lowering the federal taxes SINGH and the SINGH Entities owed and paid.

16. Specifically, SINGH substantially under-reported to the Internal Revenue Service ("IRS") the amount of gross receipts earned by seven SINGH Entities, the identities of which are known to the United States Attorney. In total, for tax years 2009 and 2012, SINGH failed to report approximately $10 million in gross receipts of those seven SINGH Entities. In addition, from 2010 through 2014, SINGH concealed approximately $7,091,331 of wages paid to employees of those seven SINGH Entities, plus an additional SINGH Entity, the identity of which is known to the United States Attorney, (the "Off the Books Wages") fraudulently depriving the federal government of payroll taxes.

COUNT ONE
(Conspiracy to Commit Federal Program Bribery and
Honest Services Wire Fraud – Nassau County and the TOB)

17. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

18. In or about and between January 2010 and February 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with others, did knowingly and willfully conspire to: (a) corruptly give, offer and agree to give things of value to certain officials of Nassau County and the TOB, all of whom were agents of local governments which each received benefits in excess of $10,000 in each of the years 2010 through 2015 under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of federal assistance, in one or more one-year periods, with intent to influence and reward the officials of Nassau County and the TOB, in connection with business and a series of transactions of Nassau County and the TOB involving things of value of $5,000 or more, contrary to Title 18, United States Code, Section 666(a)(2); and (b) devise a scheme and artifice to defraud and deprive the public of its intangible right to the honest services of certain officials of Nassau County and the TOB through bribery and kickbacks, and for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346.

19. In furtherance of the conspiracy, and to effect its objects, within the Eastern District of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," committed and caused to be committed the following:

## OVERT ACTS

a. On or about April 9, 2010, SINGH issued Official #1's spouse a paycheck for a job with SINGH Entity #2 in which the spouse performed little or no work;

b. On or about April 28, 2010, SINGH met with officials of Nassau County and the TOB in North Massapequa, New York;

c. On or about June 9, 2010, SINGH and an official of the TOB signed an amendment to a concession agreement with the TOB;

d. In or about November 2011, SINGH gave an official of the TOB a cash payment, specifically, an envelope with five checks, each made out to "cash" and each in the amount of $5,000, for a total of $25,000;

e. On or about September 17, 2012, SINGH purchased a $3,623.73 massage chair for Official #1 at Official #1's request;

f. On or about June 8, 2013, SINGH paid for a limousine service used by an official of the TOB; and

g. On or about August 4, 2014, SINGH issued Official #1's spouse a paycheck for a job with SINGH Entity #2 in which the spouse performed little or no work.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT TWO
(Federal Program Bribery – Nassau County and the TOB)

20. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between January 2010 and February 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with others, did knowingly, intentionally and corruptly give, offer and agree to give one or more things of value, to certain officials of Nassau County and the TOB, all of whom were agents of local governments which each received in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance in one or more one-year periods, with intent to influence and reward the officials of Nassau County and the TOB in connection with business and one or more transactions and series of transactions of Nassau County and the TOB involving things of value of $5,000 or more.

(Title 18, United States Code, Sections 666(a)(2), 2 and 3551 et seq.)

### COUNTS THREE AND FOUR
(Honest Services Wire Fraud – Nassau County and the TOB)

22. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between January 2010 and February 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with others, did knowingly and intentionally devise a scheme and artifice to defraud and deprive the public of its intangible right to the honest services of certain officials of Nassau County and the TOB through bribery and kickbacks, and for the purpose of executing such scheme and artifice,

the defendant, together with others, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds as identified below:

| COUNT | DATE | DESCRIPTION |
|---|---|---|
| Three | 11/2/11 | Interstate email transmission from SINGH to an individual involved in the negotiation of loans in connection with SINGH's status as a TOB concessionaire |
| Four | 11/5/12 | Interstate email transmission from a SINGH Entity employee to an individual employed by Nassau County regarding SINGH Entity #1's catering for a Nassau County agency |

(Title 18, United States Code, Sections 1343, 1346, 2 and 3551 et seq.)

## COUNT FIVE
(Conspiracy to Commit Federal Program Bribery and Honest Services Fraud – The SINGH Entity #2 Scheme)

24. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between January 2010 and September 2015, both dates being approximate and inclusive, within the Eastern and Southern Districts of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with others, did knowingly and willfully conspire to: (a) corruptly give, offer and agree to give things of value to Official #2, an agent of the City, a local government which received benefits in excess of $10,000 in each of the years 2010 through 2015 under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance and other forms of Federal assistance, in one or more one-year periods, in connection with any business, transaction, or

series of transactions of the City involving things of value of $5,000 or more, contrary to Title 18, United States Code, Section 666(a)(2); and (b) devise a scheme and artifice to defraud and deprive the public of its intangible right to the honest services of Official #2 and other City officials, through bribery and kickbacks, and for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Sections 1343 and 1346.

26. In furtherance of the conspiracy, and to effect its objects, within the Eastern and Southern Districts of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," committed and caused to be committed the following:

## OVERT ACTS

a. On or about October 12, 2013, SINGH hosted a fundraiser for Official #2 at the SINGH Entity #2.

b. On or about December 16, 2014, SINGH sent an e-mail to an aide to Official #2, indicating that SINGH "need[ed] help" with the Agency.

c. On or about July 30, 2015, a senior aide to Official #2 arranged a meeting with SINGH and the head of the Agency at SINGH's behest and in an effort to pressure the Agency to make its proposed settlement terms more favorable to SINGH.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Federal Program Bribery – The SINGH Entity #2 Scheme)

27. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

28. In or about and between January 2010 and September 2015, both dates being approximate and inclusive, within the Eastern and Southern Districts of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with others, did knowingly and intentionally and corruptly give, offer and agree to give one or more things of value, to Official #2, an agent of the City, a local government which received in excess of $10,000 under one or more Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of Federal assistance, in one or more one-year periods, with intent to influence and reward Official #2 in connection with business and one or more transactions and series of transactions of the City involving things of value of $5,000 or more.

(Title 18, United States Code, Sections 666(a)(2), 2 and 3551 et seq.)

## COUNT SEVEN
(Honest Services Fraud – The SINGH Entity #2 Scheme)

29. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

30. In or about and between January 2010 and September 2015, both dates being approximate and inclusive, within the Eastern and Southern Districts of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with

others, did knowingly and intentionally devise a scheme and artifice to defraud and deprive the public of its intangible right to the honest services of Official #2, through bribery and kickbacks, and for the purpose of executing such scheme and artifice, the defendant, together with others, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds as identified below:

|  | DATE | DESCRIPTION |
|---|---|---|
| Seven | 12/6/14 | Interstate email transmission from SINGH to an aide to Official #2 indicating that SINGH "need[ed] help" with the Agency |

(Title 18, United States Code, Sections 1343, 1346, 2 and 3551 et seq.)

COUNT EIGHT
(Obstructing and Impeding the Due Administration
of the Internal Revenue Laws)

31. The allegations set forth in paragraphs one through 16 of this Superseding Information are realleged and incorporated as if fully set forth in this paragraph.

32. In or about and between 2009 and 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant HARENDRA SINGH, also known as "H. Singh," together with others, did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws of the United States through various means and methods, including among others, the following:

a. filing with the IRS false Forms 1120S under the penalty of perjury for the tax year 2009, which tax returns were false insofar as they under-reported gross receipts earned by five SINGH Entities incorporated as S Corporations;

b. filing with the IRS false Forms 1120 under the penalty of perjury for the tax year 2009, which tax returns were false insofar as they under-reported gross receipts earned by two SINGH Entities incorporated as C Corporations;

c. filing with the IRS false Forms 1120S under the penalty of perjury for the tax year 2012, which tax returns were false insofar as they under-reported gross receipts earned by five SINGH Entities incorporated as S Corporations;

d. filing with the IRS false Forms 1120 under the penalty of perjury for the tax year 2012, which tax returns were false insofar as they under-reported gross receipts earned by two SINGH Entities incorporated as C Corporations;

e. paying, and causing others to pay, the Off the Books Wages;

f. reporting, and directing others to report, false payroll information to the payroll processing companies used by SINGH to manage the payroll for SINGH Entities, specifically, payroll figures that did not include the Off the Books Wages paid to SINGH Entities employees;

g. causing to be prepared false and fraudulent quarterly Forms 941 that were submitted to the IRS on behalf of various SINGH Entities that under-reported employee wages; and

h. causing to be prepared false and fraudulent IRS Forms W-2 submitted to the IRS on behalf of SINGH Entities employees for the tax years 2010 through 2014, in which employee wages were under-reported.

(Title 26, United States Code, Section 7212(a); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE, THREE, FOUR, FIVE AND SEVEN

33. The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged in Counts One, Three, Four, Five and Seven, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2)(A), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to the real property located at 310 Laurel Lane, Syosset, New York 11791.

34. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(2)(A); Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNTS TWO AND SIX

35. The United States hereby gives notice to the defendant that, upon his conviction of the offenses charged in Counts Two and Six, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real or personal, constituting or derived from proceeds traceable to such offense, including but not limited to the real property located at 310 Laurel Lane, Syosset, New York 11791.

36. If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

_____
ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #20_R___
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK
CRIMINAL DIVISION

---

## THE UNITED STATES OF AMERICA

*vs.*

HARENDRA SINGH, *also known as "H. Singh,"*

Defendant.

---

# SUPERSEDING INFORMATION

(T. 18, U.S.C., §§ 371, 666(a)(2), 981(a)(2), 982(a)(1)(c), 982(a)(2)(A), 1343, 1346, 1349, 2 and 3551; T. 21, U.S.C., § 853(p);
T. 26, U.S.C., § 7212(a); T. 28, U.S.C., § 2461(c))

---

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
*Clerk*

Bail, $ _____

*Catherine M. Mirabile, Raymond A. Tierney, Lara Treinis Gatz*
*Assistant U.S. Attorneys*