

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

LTG

*610 Federal Plaza*
*Central Islip, New York 11722*

December 9, 2016

By ECF

The Honorable Sandra J. Feuerstein
United States District Judge
United States District Court
Eastern District of New York
1014 Federal Plaza
Central Islip, New York 11722

Re: United States v. Harendra Singh
Criminal Docket No. 15-450 (SJF)

Dear Judge Feuerstein:

The government respectfully submits this letter in response to a request made by the New York Times Company (the "New York Times"), in a letter dated November 21, 2016, (the "Times Letter" or "Times Ltr."), seeking to unseal "certain docketed documents in the above-referenced action…filed entirely under seal: Docket Entries 2, 3, 4, 6, 19, 26, 31, 40, 41 and 43" (collectively the "Docket Entry Filings"). Times Ltr. at 1. For the reasons set forth below, and as set forth in more detail in the government's letter dated today and submitted under seal (the "December 9 Sealed Letter"), the government requests that the Court grant the New York Times' application in part and deny it in part. Specifically, the government requests that the Court enter an unsealing order allowing for the public filing of Docket Entry Filings 2 and 31 and the public filing of redacted versions of Docket Entry Filings 26 and 40. Finally, the government requests that the Court deny the motion to unseal Docket Entry Filings 3, 4, 6, 19, 41 and 43 for the reasons set forth in December 9 Sealed Letter.

I. Background

On September 8, 2015, Singh was charged in the Eastern District of New York with five counts of honest services wire fraud, one count of honest services wire fraud conspiracy, one count of federal program bribery, one count of disaster relief fraud, two counts of conspiring to defraud the United States, one count of impeding the Internal Revenue Service, one count of tampering with evidence, and one count of obstruction of justice. The charges relate to Singh's ownership and management of various restaurants and catering facilities in Nassau County, as well as Singh's agreements and relationships with officials of the Town of Oyster Bay. This Indictment is publically filed.

The Honorable Sandra J. Feuerstein
December 7, 2016
Page 2

II.   The Times Letter

In its November 21, 2016 letter, The New York Times requests that the Docket Entry Filings be unsealed, asserting that "it is likely that many if not all the documents filed need not be sealed in full any longer" as "Singh's cooperation is widely known to the public." Times Ltr. at 2. The letter goes on to cite, as the basis for this conclusion, newspaper articles speculating about Singh's purported cooperation. Id.

The New York Times also argues that Docket Entry Filing 43, an Order Setting Conditions of Release on Bond, (which is publically filed in redacted form at Docket Entry Filing 44), should be unsealed as the redacted version conceals both the identity of the suretor(s), who in past bail hearings have been publically identified, and condition of release number 5, speculating that this condition may reveal that Singh's release is "conditioned on his ongoing cooperation with the government." Times Ltr. at 3.

III.   Argument

As an initial matter, the government is sensitive to the need to minimize the amount of information in criminal cases that is filed under seal. See, e.g., United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (noting "the requirement that district courts avoid sealing judicial documents in their entirety unless necessary"); Lugosch v. Pyramid Co., 435 F.3d 110, 119-20 (2d Cir. 2006) (noting that sealing orders should be "narrowly tailored"). That interest must be weighed against the government's compelling interest in protecting ongoing investigations. United States v. Amodeo, 44 F.3d 141, 147 (2d Cir. 1995)(need to protect integrity of ongoing investigation can justify sealing). Accordingly, and as set forth in more detail in the December 9 Sealed Letter, the government requests that the Court enter limited unsealing orders allowing for the public filing of Docket Entry Filings 2 and 31 and the public filing of redacted versions of Docket Entry Filings 26 and 40.

However, as set forth in the December 9 Sealed Letter, public disclosure of Docket Entry Filings 3, 4, 6, 19, 41 and 43 will negatively affect on-going investigations, and accordingly they should remain under seal. Amodeo at 147 (need to protect the integrity of an ongoing investigation, including the safety of witnesses and law enforcement personnel, and to prevent interference, flight and other obstruction, may be compelling reason justifying sealing).

The Honorable Sandra J. Feuerstein
December 7, 2016
Page 3

VI.    Conclusion

For the reasons set forth above, and in more detail in the December 9 Sealed Letter, the government requests that the Court enter limited unsealing orders allowing for the public filing of Docket Entry Filings 2 and 31, the public filing of redacted versions of Docket Entry Filings 26 and 40, and deny the request to unseal Docket Entry Filings 3, 4, 6, 19, 41 and 43.

Thank you for your consideration.

Respectfully submitted,

ROBERT L. CAPERS
United States Attorney

By: _____
Lara Treinis Gatz
Catherine M. Mirabile
Raymond A. Tierney
Assistant U.S. Attorneys
(631) 715-7913/7850/7849

cc:    David E. McCraw, Esq.
       Anthony M. LaPinta, Esq.